UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF COMPASS SHIPPING 40 CORP., LTD. AND TOMINI SYMPHONY LTD. AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V TOMINI SYMPHONY AND HER CARGO, ENGINES,TACKLE, GEAR APPURTENANCES, ETC. *IN REM* PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABLITY | DOCKET NO._____<br><br>SECTION _____<br><br>Admiralty – Rule 9(h) |

**VERIFIED COMPLAINT**
**FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of Compass Shipping 40 Corp. Ltd. ("Compass") and Tomini Symphony Ltd. ("Tomini," and collectively with Compass, "Petitioners"), as owners and owners *pro hac vice* of the M/V TOMINI SYMPHONY, in a cause of exoneration from and/or limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, alleges upon information and belief, as follows:

I.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and all as hereinafter more fully appears.

II.

At all times pertinent to this cause, Compass was and is a corporation organized and existing under and by virtue of the laws of the Republic of the Marshall Islands and having its

1

principal place of business located outside the United States of America, and was and is the owner of the M/V TOMINI SYMPHONY.

III.

At all times pertinent to this cause, Tomini was and is a corporation organized under and existing by virtue of the laws of the Republic of the Marshall Islands and having its principal place of business located outside the United States of America, and was and is the owner *pro hac vice* of the M/V TOMINI SYMPHONY.

IV.

The M/V TOMINI SYMPHONY is an ocean-going bulk carrier bearing IMO number 9718143 and flagged under the laws of the Republic of the Marshall Islands and home-ported in Majuro.

V.

Petitioners used due diligence to make the aforementioned vessel seaworthy, and she was, prior to the alleged incident referred to below, tight, staunch, strong, and fully and properly manned, equipped and supplied and in all respects seaworthy and fit for the service in which she was engaged.

VI.

Venue is proper in this district, as the underlying facts concern an incident that occurred in this district and the M/V TOMINI SYMPHONY has been arrested in this district.

VII.

On or about May 8, 2020, the M/V TOMINI SYMPHONY was engaged in its customary commercial practice of transiting navigable waterways. On that day, the M/V NOMADIC MILDE was at anchor in or around the Kenner Bend Anchorage in the Lower Mississippi River and

allegedly came into contact with the M/V ATLANTIC VENUS and later with a facility allegedly owned and operated by Cornerstone Chemical Company ("Cornerstone"). The M/V TOMINI SYMPHONY is alleged to have possibly produced a wake that may have contributed to the M/V NOMADIC MILDE coming into contact with the M/V ATLANTIC VENUS, which preceded any contact with the Cornerstone facility. Any such allegations of fault on behalf of the M/V TOMINI SYMPHONY and of Petitioners are categorically denied.

VIII.

Any and all injuries, damages, and/or losses, allegedly sustained by any person and/or entity in connection with the incident described in the preceding paragraph were not caused or contributed to by any fault, negligence or lack of due care on the part of Petitioners or unseaworthiness or fault of the M/V TOMINI SYMPHONY, or any person in charge of them, or any person for whom Petitioners were or are responsible. Petitioners reserve the right to amend and/or supplement this paragraph of the Complaint and Petition to specify further the faults and negligence, if any, surrounding the above-described events when the facts surrounding the accident become fully known, and to prove them at the trial of this cause.

IX.

The above-described injury, damages, losses and/or destruction, if any, and which are in all respects denied, were done, occasioned and incurred without the design or neglect of Petitioners, or anyone for whom Petitioners are or at any material time were responsible.

X.

The above-described injury, damages, losses and/or destruction, if any, and which are in all respects denied, were done, occasioned and incurred without the privity or knowledge of Petitioners, the M/V TOMINI SYMPHONY's master or crew, or Petitioners' superintendent or

management personnel.

XI.

As a result of the aforementioned incident, certain persons allege they sustained physical damages, economic and/or other losses. Specifically, Cornerstone has filed in this Court a Verified Complaint against the M/V TOMINI SYMPHONY, *in rem*, and has obtained a warrant for the arrest of the Vessel, seeking to recover damages in the amount of **$38,391,373**. (*See* Civil Action No. 2:20-cv-1411, United States District Court for the Eastern District of Louisiana). It is anticipated the M/V NOMADIC MILDE interests (New Nomadic Short Sea Shipping AS, Nomadic Chartering AS and Internship Navigation Co. Ltd.), the M/V ATLANTIC VENUS interests (Golden Helm Shippin Co. S.A. and Osaka Fleet Co., Ltd.), and Crescent Towing & Salvage, Inc., may present claims to the M/V TOMINI SYMPHONY, as NOMADIC MILDE and ATLANTIC VENUS interests have commenced their own proceedings seeking exoneration from or limitation of liability with respect to the subject incident. (*See* Civil Action Nos. 2:20-cv-1453 and 2:20-cv-1506, United States District Court for the Eastern District of Louisiana).

XII.

This Complaint is filed within six months from the date Petitioners received first notice of a limitable claim.

XIII.

The aforementioned incident was not due to any fault, neglect or want of care on the part of Petitioners or M/V TOMINI SYMPHONY or anyone for whom said Petitioners may be responsible.

XIV.

Filed herewith is a list of all demands related to this aforementioned incident of which

Petitioners have knowledge as of the time of the filing of this Complaint. Petitioners are, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims of liens, or liens against Petitioners or the M/V TOMINI SYMPHONY arising out of the aforementioned incident.

XV.

At the time of the incident, the M/V TOMINI SYMPHONY was operating pursuant to a time charter party pursuant to which the charterer was to pay hire at a rate of $16,600.00 per day. The subject voyage at the time of the May 8, 2020 incident required 33 days, 1 hour and 48 minutes to complete. Accordingly, the gross hire earned on the subject voyage totaled $549,045.00. (Exhibit "1").

XVI.

Petitioners' interest in M/V TOMINI SYMPHONY, based on the attached Valuation Declaration and the attachments thereto (Exhibit "2"), together with its pending freight, did not and does not now exceed the maximum sum of EIGHTEEN MILLION TWO HUNDRED NINETY-NINE THOUSAND FORTY-FIVE UNITED STATES DOLLARS AND ZERO CENTS ($18,299,045.00).

XVII.

Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking from Sveriges Angfartys Assurans Forening ("The Swedish Club") (Exhibit "3") in the sum of $18,299,045.00, plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the M/V TOMINI SYMPHONY, her appurtenances, etc. and pending freight or hire, following the subject casualty.

XVIII.

Petitioners claim exoneration from and limitation of liability for any and all injuries, deaths,

5

losses, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners allege that they have valid defenses thereto on the facts and on the law. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability provided for in Sections 30501, *et seq*. of Title 46 of the United States Code, and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

XIX.

Petitioners show that if one or all of them should be held liable to any degree to anyone, which is denied, the liability should be limited to and not exceed the value of Petitioners' interest in the aforementioned vessel and her hire in the maximum aggregate of $18,299,045.00.

XX.

If it later appears that Petitioners are or may be liable and the amount or value of their respective interest in the M/V TOMINI SYMPHONY and her then pending freight or hire, as aforesaid, is not sufficient to pay all losses in full, then claimant(s) shall share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to claimant(s) any rights to priority he, she, it or they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the rules and practices of this Honorable Court herein.

XXI.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioners pray:

(A)  That the Court issue an Order approving the Letter of Undertaking submitted to the Court herewith by Petitioners as security for the amount or value of their interest in the M/V TOMINI SYMPHONY and her pending freight or hire, plus interest at six percent (6%) per annum from the date of issuance;

(B)  That the Court make an Order directing the issuance of a Monition to all persons, firms, corporations or other entities who might have any claim arising out of the voyage in question of the M/V TOMINI SYMPHONY, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Petitioners on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Monition;

(C)  That the Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, their officers, their underwriters and/or against the M/V TOMINI SYMPHONY, her officers and crews or against any employee or property of Petitioners except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction occasioned or incurred as a result of the aforesaid incident;

(D)  That the Court order that the arrest of the M/V TOMINI SYMPHONY in Civil

        Action No. 2:20-cv-01411, United States District Court for the Eastern District of Louisiana, be lifted upon the filing of the $18,299,045.00 Letter of Undertaking as security for the benefit of all claimants in this Limitation Action;

(D)     That the Court in this proceeding adjudge, after due proceedings:

    (i)     That Petitioners are not liable to any extent for any loss, damage, injury, death or destruction of any person or party or property in any way arising out of, during, or consequent upon the aforesaid occurrence(s) and/or voyage of the M/V TOMINI SYMPHONY, and that therefore Petitioners and the M/V TOMINI SYMPHONY are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

    (ii)     Alternatively, if Petitioners shall be adjudged liable, then that such liability be limited to the amount or value of their respective interest in the M/V TOMINI SYMPHONY, her engines, tackle, gear, appurtenances and apparel, and her then pending freight or hire for the voyage in which the vessel was engaged at the time of the events in question, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability.

(E)     That Petitioners have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

/s/ T. Patrick O'Leary
Andrew S. de Klerk (LA 1045)
T. Patrick O'Leary (LA 30655)
W. Jacob Gardner, Jr. (LA 30511)
Brandon K. Thibodeaux (LA 32725)
Colton V. Acosta (LA 38121)
**FRILOT L.L.C.**
3800 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
504/599-8010 Phone
504/599-8110 Fax
adeklerk@frilot.com
poleary@frilot.com
jgardner@frilot.com
bthibodeaux@frilot.com
cacosta@frilot.com

ATTORNEYS FOR PETITIONERS-IN-LIMITATION COMPASS SHIPPING 40 CORP., LTD. AND TOMINI SYMPHONY LTD. AS OWNERS/OWNERS *PRO HAC VICE* OF THE M/V TOMINI SYMPHONY